Sophy G. Harrison et al. *v.* Annie E. Guion et al.

Chancery Jurisdiction. *Will. Devisavit vel non.* The Chancery Court has no jurisidiction to try an issue of *devisavit vel non:* the jurisdiction of the Circuit Court is exclusive.

Cases cited: *Smith* v. *Harrison,* 2 Heis., 230; Code, secs. 2173, 4201, 4227.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. Morgan, Ch.

T. W. BROWN for Complainants.

C. F. VANCE and CLAPP & BEARD for Defendants.

W. C. FOLKES, Sp. J., delivered the opinion of the Court.

This bill is filed 'on the theory that the estate of John Smith, who died in Memphis in 1851, had been used by the defendant, Annie E. Guion, and her sister, Lucretia H. Smith, (now .dead), in the purchase and improvement of nine acres of land on Adams street, in the city of Memphis.

There never has been an administration upon the estate of John Smith.

Complainants filed this bill as distributees of John Smith's estate, and insist:

1st, That the funds of John Smith should be followed into said land in Memphis, and charged upon it as a trust in favor of complainants.

2nd, That defendants should be made to account for personal property, or the proceeds thereof, belonging to John Smith which came to the hands of defendant, Annie Guion, and her sister, Lucretia Smith.

The bill likewise recites the death in 1870 of Climoe H. Smith, wife of John Smith, and the mother of complainants, and defendant, Annie Guion, and charges that her will, which is exhibited with the bill, was procured by defendant, Annie E., and her sister, Lucretia H. Smith, by fraud,

undue influence and imposition upon their mother, who was very aged and infirm at the time of her death, and asks an issue of *devisavit vel non* thereon.

The bill further states the death of Lucretia H. Smith in 1871, and charges that her will, in which she bequeaths all of her estate, (which, so far as this record discloses it, at the time of her death, consisted only of an undivided half interest in so much of the nine acres of Memphis property as remained unsold), to her sister, Annie E., was also procured by undue influence, imposition and fraud practiced upon the testatrix by defendant, Annie E. Guion.

The bill also attacks the testamentary capacity of said Lucretia H. Smith.

Without undertaking to review the evidence in the record, which is very voluminous, it is sufficient to say that after a very careful examination of it, we are of opinion that complainants wholly fail to make out their case. This conclusion renders it unnecessary to refer to the authorities discussed in the argument of counsel.

The Court below took the same view of this case, and dismissed the bill, so far as it sought to establish a trust in or upon the land in question, or so far as it sought an account with defendants as to any personal property of their common ancestor wrongfully received or converted by them.

We affirm so much of the Chancellor's decree.

The Chancellor, however, awarded an issue of *devisavit vel non* as to Lucretia H. Smith's will, at

the trial of 'which, the pleadings and proof in this cause may be used, together with such other proof as either party may introduce. From this portion of the decree the defendants appealed.

We think the Chancellor is in error as to this part of his decree.

Section 4201 of the Code gives to the County Court original jurisdiction in the probate of wills, while Section 2173, as to "contesting will," provides that "where the validity of any last will or testament, written or nuncupative, is contested, the County Court shall cause the fact to be certified to the *Circuit Court*, and send to said Court the original will, and shall require the contestants to enter into bond," etc.

Section 4227, under the head of "jurisdiction and powers of Circuit Courts," provides that "They have *exclusive* jurisdiction to try and determine all issues made up to contest the validity of last wills and testaments."

This question was presented in *Smith* v. *Harrison*, 2 Heis., 230, 241, where the Court say: "we cannot, and do not, undertake to decide upon the validity of the will as a testamentary paper."

The Chancery Court has no jurisdiction to try such an issue. The jurisdiction of the Circuit Court is exclusive.

We therefore reverse so much of the decree of the Chancellor as awards an issue of *devisavit vel non*, and, making such a decree as should have been made below, direct the entire bill to be dis-

missed at the cost of complainants. This dismissal is, of course, without prejudice to the rights of complainants to contest the validity of the will in the proper form.